IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BETTE KRISTINE BARBER and EDITH LUCINDA PALMER, § § § § Plaintiffs, § § v. § § GPM INVESTMENTS, LLC (a/k/a TX GPM Investments, LLC), § § § Defendant. § | CIVIL ACTION NO. 4:21-cv-530 JURY TRIAL DEMANDED |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Bette Kristine Barber ("Barber") and Edith Lucinda Palmer ("Palmer") (collectively "Plaintiffs") file this Complaint against GPM Investments, LLC (a/k/a TX GPM Investments, LLC) ("Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1. This is a civil action brought by Plaintiffs pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiffs time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek as employees of Defendant.

2. Plaintiffs are employed by Defendant as hourly paid convenience store employees at Defendant's E-Z Mart convenience store location at 4601 South Collins Street, Arlington, Texas 76108 (the "E-Z Mart Location"). Although Defendant paid Plaintiffs some overtime wages when they worked overtime hours, Defendant routinely altered Plaintiffs' respective hours worked per workday and workweek to show less time worked than Plaintiffs actually worked and reported. That resulted in an underpayment of the FLSA overtime wages Defendant owed Plaintiffs.

3. Plaintiffs seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. THE PARTIES, JURISDICTION, AND VENUE

**A.  Plaintiff Bette Kristine Barber**

4. Barber is a natural person who resides in Tarrant County, Texas. She has standing to file this lawsuit.

5. Barber is and has been employed by Defendant since approximately April 19, 2019.

6. Plaintiff is and was employed by Defendant in Tarrant County, Texas.

**B.  Plaintiff Edith Lucinda Palmer**

7. Palmer is a natural person who resides in Tarrant County, Texas. She has standing to file this lawsuit.

8. Palmer is and has been employed by Defendant since approximately April 26, 2016.

9. Plaintiff is and was employed by Defendant in Tarrant County, Texas.

**C.  Defendant GPM Investments, LLC a/k/a TX GPM Investments, LLC**

10. Defendant is a foreign limited liability company.

11. During all times relevant, Defendant has done business in the State of Texas.

12. Defendant is registered with the Texas Secretary of State to conduct business operations in Texas.

13. At all times relevant, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

14. At all times relevant, Defendant employed, and continues to employ, two or more employees.

15. At all times relevant, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

16. For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include computers, computer monitors, computer-related devices, convenience store cleaning supplies, cash type registers used in convenience stores, internet related devices, phones, and office equipment.

17. On information and belief, at all times relevant, Defendant has had annual gross sales or business volume in excess of $500,000.

18. Defendant may be served with summons through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

**D.      Jurisdiction and Venue**

19. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

20. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

21. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

22. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims on federal law, namely the FLSA.

23. Venue is proper in this Court because Plaintiffs worked for Defendant in Tarrant County, Texas.

24. The claims of Plaintiffs are joined in this lawsuit pursuant to Federal Rule of Civil Procedure 20(a) as those claims against Defendant involve issues which arise out of the same transaction or occurrence/series of transactions or occurrences and involve common questions of law or fact. For example, Plaintiffs worked at the same E-Z Mart Location as employees of Defendant, and as set forth below, had the same manager, and experienced substantially similar Time Shaving that resulted in an underpayment of the FLSA overtime wages Plaitniffs were owed by Defendant.

### III.   FACTUAL BACKGROUND

25. Defendant operates numerous convenience stores in Texas and states other than Texas.

26. As of the date this lawsuit is filed, Plaintiffs are employees of Defendant.

27. Plaintiff Barber is and has been employed by Defendant since approximately April 19, 2019.

28. Plaintiff Palmer is and has been employed by Defendant since approximately April 26, 2016.

29. Plaintiffs work for Defendant as hourly paid convenience store employees at Defendant's E-Z Mart Location (4601 South Collins St., Arlington, Texas 76108).

30. Plaintiffs use Defendant's electronic time keeping system to report their daily hours worked. That time keeping system is a Kronos program.

31. Plaintiffs' manager is Ms. Lori Bevel.

32. On numerous occasions, and during workweeks in which Plaintiffs worked 40 or more hours, Ms. Bevel incorrectly altered Plaintiffs' hours worked data in Defendant's electronic time keeping system to underreport the actual hours worked by Plaintiffs (the "Time Shaving").

33. Defendant's improper Time Shaving resulted in Plaintiffs not being paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

34. Plaintiff Barber raised the Time Shaving issue with Ms. Bevel. Ms. Bevel generally disregarded Plaintiff Barber's complaints although she did say, on at least one occasion, she would add the missing hours in another pay period.

35. On or about March 19, 2021, Plaintiff Barber reported the Time Shaving to Plaintiffs' district manager, Ms. Annette Stimmel. However, since that report, the only change noticed by Plaintiffs is increased hostility from Ms. Bevel to include a unilateral change to Plaintiff Barber's work schedule.

### IV.   CONTROLLING LEGAL RULES

36. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

37. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

38. Under the FLSA's Continuous Workday Rule, "[p]eriods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked." 29 C.F.R. § 790.6.

39. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

40. An employee is employed for purposes of the FLSA if the employer has "knowledge, actual or constructive, that [s]he was working." *Mack v. Avara Cmty. Health Servs.*, No. 3:13-CV-1976-P, 2016 U.S. Dist. LEXIS 129266, at *3-4 (N.D. Tex. Feb. 5, 2016) (Solis, J.) (*citing Newton,* 47 F.3d at 748). "Constructive knowledge exists if by exercising reasonable diligence an employer would become aware that an employee is working overtime." *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quotations and citation omitted).

41. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

42. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

43. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

44. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

45. It is unlawful for "any person … to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]."  29 U.S.C. § 215(a)(3).

## V.   FLSA CLAIMS

46. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

47. At all times relevant to the claims in this lawsuit, Defendant is and has been an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

48. At all times relevant to the claims in this lawsuit, Defendant is and has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

49. At all times relevant to the claims in this lawsuit, Plaintiffs are and have been employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

50. At all times relevant to the claims in this lawsuit, Plaintiffs are and were covered employees under 29 U.S.C. § 207(a)(1).

51. Plaintiffs routinely work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

52. Defendant is and/or was required to pay Plaintiffs time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

53. Due to Defendant's improper Time Shaving, Defendant does not and did not pay Plaintiffs time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek.

54. The failure of Defendant to pay Plaintiffs time and one-half their respective regular rates of pay for each and every hour worked over 40 in all relevant seven-day workweeks is a violation of the FLSA.

55. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). Defendant's Time Shaving is intentionally done electronically in the Kronos electronic time keeping system. Furthermore, complaints made regarding the Time Shaving have not ended the Time Shaving, but instead have resulted in hostile treatment of Plaintiffs by Defendant to include alteration of Plaintiff Barber's work schedule.

56. Plaintiffs seek all damages available for Defendant's violations of the FLSA.

## VI.     JURY DEMAND

57. Plaintiffs demand a jury trial.

## VII.    DAMAGES AND PRAYER

58. Plaintiffs ask that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. All damages allowed by the FLSA, including back overtime wages,

   b. Liquidated damages in an amount equal to back FLSA wages,

   c. Reasonable Legal fees,

    d. Costs,

    e. Post-judgment interest, and/or

    f. All other relief to which Plaintiffs are justly entitled.

Date: April 12, 2021.

                              Respectfully submitted,

                              By:    s/ Allen R. Vaught
                                     Allen R. Vaught
                                     Attorney-In-Charge
                                     TX Bar No. 24004966
                                     Vaught Firm, LLC
                                     1910 Pacific Ave., Suite 9150
                                     Dallas, Texas 75201
                                     (972) 707-7816 – Telephone
                                     (972) 591-4564 – Facsimile
                                     avaught@txlaborlaw.com

                            ATTORNEY FOR PLAINTIFFS